NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL TRAVIS PATTERSON, *Appellant.*

No. 1 CA-CR 17-0131
FILED 12-12-2017

Appeal from the Superior Court in Maricopa County
No. CR 2015-156302-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole T. Countryman
*Counsel for Appellant*

Michael Travis Patterson, San Luis
*Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1        Michael Travis Patterson timely appeals from his conviction and sentence for one count of aggravated assault, a class 4 felony under Arizona Revised Statutes ("A.R.S.") section 13-1204. After searching the record on appeal and finding no arguable question of law, Patterson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) asking this court to search the record for fundamental error. This court granted counsel's motion to allow Patterson to file a supplemental brief *in propria persona*, but Patterson raised no discernible legal issues in the brief he submitted. After reviewing the entire record, we find no fundamental error. Therefore, we affirm Patterson's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        Two Phoenix police officers were patrolling downtown when they saw two men facing one another on the sidewalk, looking as if they were about to fight. The two officers, in full uniform, emerged from their marked police car and one officer told the men to sit down on the curb. One of the men poised to fight was Patterson, and when he did not obey the officer's commands, the officer grabbed his wrist to guide him to the curb. Patterson turned and punched the officer in the head, causing swelling and bruising. Both officers wrestled Patterson to the ground as he struggled, eventually handcuffing him.

¶3        The State charged Patterson with one count of aggravated assault and one count of resisting arrest. Patterson's first trial ended in a mistrial. After the second trial, a jury acquitted Patterson of the charge of resisting arrest but found him guilty on the charge of aggravated assault. Because he admitted during trial that he was convicted of a prior felony,

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Patterson. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

the court sentenced Patterson as a category 2 repetitive offender to the presumptive term of 4.5 years imprisonment. *See* A.R.S. § 13-703(B), (I). He was awarded 441 days of pre-incarceration credit.

## DISCUSSION

**¶4**　　　　We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Patterson received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages. The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Patterson's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Patterson was given an opportunity to speak at sentencing, and his sentence was within the acceptable range for his offense.

**¶5**　　　　We also reject the claims raised in Patterson's supplemental brief. In the brief, Patterson summarizes a series of incidents that have occurred throughout his life, such as people following him and stealing from him. He describes how he has been "harassed, burglarized, robbed, assaulted, lied about, [and] general[l]y driven crazy." While he argues that "this whole deal" has been unfair and unconstitutional, he does not indicate how the described incidents relate to his conviction or how they constitute a legal defense.

## CONCLUSION

**¶6**　　　　We affirm the superior court's conviction and sentence. Counsel's obligations pertaining to Patterson's representation in this appeal have ended. Counsel need do nothing more than inform Patterson of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the

court's own motion, Patterson shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA